UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-02412-KK-BFMx** | Date: | January 20, 2026 |
|---|---|---|---|

Title:   ***Natalie Panossian-Bassler et al. v. Andrew Westover et al.***

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order DISMISSING the Instant Action Without Prejudice for Failure to Prosecute**

**I.**
**PROCEDURAL HISTORY**

On September 15, 2025, Natalie Panossian-Bassler, individually and on behalf of her minor child C.B. ("Plaintiffs"), filed a Complaint against Andrew Westover, Westover Law Group, A.P.C., Frederick Paul Dickerson, III, Elaine Kiefer Johnson, Mark Mandio, and Marie Wood ("Defendants"), asserting various state common law and federal constitutional claims.  ECF Docket No. ("Dkt.") 1.  Pursuant to the Federal Rules, Plaintiffs had until December 14, 2025, to serve Defendants with the Complaint and summons, see Fed. R. Civ. P. 4(m), but failed to do so.  Hence, on January 12, 2026, the Court issued an Order to Show Cause ("OSC") as to why this action should not be dismissed for failure to prosecute.  Dkt. 7.

On January 19, 2026, Plaintiffs responded to the Court's OSC stating "I have been very busy with life and work matters and am working on drafting an amended complaint" to "be filed no later than February 3, 2026."  See Dkt. 8.  Plaintiffs, however, fail to state Defendants have been served as required under the Federal Rules.  Moreover, to the extent Plaintiffs intend to file an amended complaint, they must seek and obtain leave of the Court to do so.  Finally, while plaintiff Panossian-Bassler seeks to bring claims on behalf of her minor child, she has not filed a guardian ad litem application for C.B.

///

///

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders.  See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order).  In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiffs have not served Defendants, sought leave to file an amended complaint, or filed a guardian ad litem application.  Notably, this case was filed on September 15, 2025.  Thus, Plaintiffs have had ample time to serve the original complaint but have failed to do so.  The claim that they are somehow excused due to their intent to file an amended complaint – for which no leave has been granted – is completely meritless and fails to excuse their noncompliance.  Additionally, the press of other personal or work-related matters does not excuse noncompliance.  Moreover, no guardian ad litem application has been filed in the four months that have passed since the inception of this case.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiffs do not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiffs' responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiffs have not discharged this responsibility despite having been: (1) instructed on Plaintiffs' responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See Dkt. 7.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot resolve this case without Plaintiffs' compliance with court orders or participation in this litigation.  Plaintiffs have shown they are either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiffs have been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiffs about the possibility of dismissal, see Dkt. 7.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED.**